PUBLIC VERSION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| ONCOIMMUNE, INC. | ) |
| a Delaware corporation, | ) |
| Plaintiff, | ) C.A. No. PX 17-cv-2730 |
| v. | ) Jury Trial Demanded |
| OHIO STATE INNOVATION FOUNDATION, INC., | ) |
| an Ohio not-for-profit corporation, | ) |
| Defendant. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT,
BREACH OF CONTRACT, INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff OncoImmune, Inc. ("OncoImmune"), by and through its counsel and for its Complaint against Defendant Ohio State Innovation Foundation, Inc. ("OSIF"), alleges as follows:

NATURE OF THIS ACTION

1. OncoImmune brings this action to obtain declaratory relief, injunctive relief, and damages against OSIF as follows:

First, declaring that certain monoclonal antibodies and animal models for identifying such antibodies, including a certain L3D10 hybridoma cell line, a certain CTLA-4 knock-in

1

mouse, and certain anti-CTLA4 monoclonal antibodies produced therefrom (collectively, the "MAB Technology") are comprehended by the inventions licensed to OncoImmune under its license agreement with OSIF (the "License Agreement"), such that OncoImmune's use, manufacture, sale, and sub-licensing to others (as permitted by the License Agreement) is permitted and does not constitute an infringement of any patent rights OSIF may have in the MAB Technology;

Second, and relatedly, declaring that OncoImmune's sublicensing of the MAB Technology to third parties BioLegend, Inc. and a certain pharmaceutical company ("Party X") is not a breach of the License Agreement;

Third, declaring that the License Agreement in its current form – i.e., as amended over the period of the relationship between OncoImmune and OSIF (as well as its predecessor in interest) -- is valid and enforceable;

Fourth, finding OSIF liable for breach of the License Agreement by reason of at least its efforts to undermine OncoImmune's sublicenses to Party X and BioLegend and otherwise attempt to revoke the rights conveyed to OncoImmune by the License Agreement;

Fifth, enjoining OSIF from interfering with OncoImmune's contractual relationships with third parties, enjoining OSIF from interfering with OncoImmune's prospective business relationships with third-parties, and enjoining OSIF from interfering with OncoImmune's efforts to sublicense any and all biological materials relating to the MAB technology; and

Sixth, awarding OncoImmune damages for the economic loss proximately resulting from the activities of OSIF as complained of herein.

2. This action arises under 28 U.S.C. §§ 1331 and 1338, the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the United States Patent Laws, 35 U.S.C. §§ 1 et seq.

## THE PARTIES

3. Plaintiff OncoImmune is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 12111 Parklawn Dr., Suite 107, Rockville, Maryland 20852.

4. OSIF is a not-for-profit corporation organized under the laws of the State of Ohio and having an address at 1524 North High Street, Columbus, Ohio 43201. On information and belief, OSIF was formed in 2013 to hold, manage and facilitate commercialization of intellectual property of The Ohio State University. For all purposes relevant to this Complaint, OSIF is the successor in interest to The Ohio State University Research Foundation ("OSURF").

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction in this case under 28 U.S.C. §§ 1331 and 1338, because this is a civil action arising under the patent laws of the United States. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because OncoImmune and OSIF are citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. There is an actual and justiciable controversy between OncoImmune and OSIF in that OSIF has asserted, both in correspondence and through claims of misappropriation in state court litigation, (i) that OncoImmune has no right to sublicense the MAB Technology despite the

licensed "PATENT RIGHTS" as defined in the License Agreement, and (ii) that the License Agreement in its current form is invalid.

7. A judicial declaration confirming (i) that the MAB Technology is comprehended by the inventions licensed to OncoImmune under its license agreement with OSIF, such that OncoImmune's use, manufacture, sale, and sub-licensing to others is permitted and does not constitute an infringement of any patent rights OSIF may have in the MAB Technology, (ii) that OncoImmune's sublicensing of the MAB Technology to third parties BioLegend, Inc. and Party X does not breach the License Agreement, and (iii) that the License Agreement in its current form – i.e., as amended over the period of the relationship between OncoImmune and OSIF (as well as its predecessor in interest) -- is valid and enforceable, is necessary and appropriate to resolve this controversy. Therefore, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., OncoImmune is entitled to a judgment from this Court respecting the foregoing issues.

8. OSIF is subject to personal jurisdiction in this judicial district, including, without limitation, by reason of its contractual relationship with, and equity interest in, OncoImmune, and its tortious acts directed at, and occurring in, this judicial district.

9. Venue properly lies in this district under 28 U.S.C. § 1391(b)(1) and (2) because OSIF is subject to the personal jurisdiction of this Court and thus qualifies as a resident of this judicial district under 28 U.S.C. § 1391(c)(2). In addition, a substantial part of the events giving rise to OncoImmune's claims has occurred and will continue to occur in this judicial district.

BACKGROUND ALLEGATIONS

10. In 2004, OncoImmune entered into the License Agreement with OSURF. A true copy of the License Agreement is attached as Exhibit A.

11. The License Agreement conveyed to OncoImmune a "worldwide exclusive license in the FIELD OF USE under PATENT RIGHTS…to make, have made, use, lease, sell, distribute, and import LICENSED PRODUCTS and to practice the LICENSED PROCESSES." Exhibit A at Article 2.1; *see also id* at Articles 1.2, 1.3, 1.4 and 1.7 (*emphasis original*).

12. The FIELD OF USE is defined as comprehending "vaccines, therapeutics, diagnostics and prevention." Exhibit A at Article 1.2. The LICENSED PRODUCTS are defined as comprehending, *inter alia*, "any product or product part which…is covered in whole or in part by an issued, unexpired claim or a pending claim contained in the PATENT RIGHTS….or…is manufactured by using a process or is employed to practice a process which is covered in whole or in part by any issued, unexpired claim or a pending claim contained in the PATENT RIGHTS…." *Id* at Article 1.4. The LICENSED PROCESSES, similarly, are defined as comprehending "any process that is covered in whole or in part by an issued, unexpired claim or a pending claim contained in the PATENT RIGHTS." *Id* at Article 1.3.

13. The PATENT RIGHTS of the License Agreement are defined as including the OSURF intellectual property listed in Appendix A of the License Agreement. *See id.*

14. The License Agreement includes the right to sublicense. *See* Exhibit A at Article 4.

15. In 2009, OncoImmune and OSURF entered into a "First Amendment to License Agreement" (the "First Amendment") which amends the terms of the License Agreement. A true copy of the First Amendment is attached as Exhibit B. *Inter alia*, the First Amendment expanded the PATENT RIGHTS by listing 21 patents and applications, for various countries. *See* Exhibit B at Schedule A.

16. Also in 2009, OncoImmune and OSURF entered into a "Second Amendment to License Agreement" (the "Second Amendment") which further amends the terms of the License Agreement. A true copy of the Second Amendment is attached as Exhibit C.

17. On April 16, 2010, OncoImmune entered into a Non-Exclusive License Agreement with third party BioLegend, Inc., pursuant to which OncoImmune sublicensed to BioLegend the non-exclusive worldwide right in and to the L3D10/CTLA-4 antibody (the "BioLegend License"). A true copy of the BioLegend License is attached as Exhibit D. The L3D10/CTLA-4 antibody is comprehended by the PATENT RIGHTS.

18. In May of 2010, OncoImmune and OSURF entered into a "Third Amendment to License Agreement" (the "Third Amendment") which further amends the License Agreement. A true copy of the Third Amendment is attached as Exhibit E. *Inter alia*, the Third Amendment updates the PATENT RIGHTS by listing the status of the 21 patents and applications identified in the First Amendment. *See* Exhibit E at Schedule A.

19. Subsequent to the execution date of the Third Amendment, OSURF assigned its rights under the License Agreement, as amended, to Defendant OSIF.

20. In April of 2015, OncoImmune and OSIF entered into "Amendment No. 4 to License Agreement" (the "Fourth Amendment"). A true copy of the Fourth Amendment is attached as Exhibit F. *Inter alia*, the Fourth Amendment deleted the original terms of Article 3 ("License Fees and Royalties") from the License Agreement and replaced them with an Article 3 giving OSIF an equity stake in OncoImmune. *See* Exhibit F at ¶ 2.

21. The PATENT RIGHTS are said to include the claims of U.S. Patent Nos. 6,875,904, 7,161,058, and 7,744,984, and the pending claims of several other U.S. patent applications that were abandoned by or at the direction of OSIF or OSURF at various times between 2006 and 2010.

22. The MAB Technology is, or during the term of the License Agreement was, comprehended by the definitions of LICENSED PRODUCTS and LICENSED PROCESS as set forth in the License Agreement.

23. In September of 2016, OncoImmune entered into an agreement with Party X (the "X Agreement"). The X Agreement includes a sublicense to Party X under certain of the MAB Technology.

24. In a demand letter dated July 14, 2017, OSIF, through its counsel, made, *inter aliai,* the following assertions against OncoImmune: First, that the BioLegend License is void *ab initio* because the Patent License between OncoImmune and OSIF "did not include a license to any biological materials or associated know-how." Second, that "Amendment No. 4 to License Agreement" between OncoImmune and OSIF is voidable because OncoImmune induced OSIF to enter into that amendment by fraudulently representing that it could not pay OSIF past-due

license fees or patent costs. A true copy of the said letter from OSIF's counsel is attached as Exhibit G.

25. In light of the aforesaid assertions, OSIF, through its counsel, demanded the following: First, that OncoImmune pay a 50% royalty, on a going forward basis, on all license fees received by OncoImmune; second, that "Amendment No. 4 to License Agreement" be cancelled in favor of the License Agreement as it existed prior to that amendment; third, OncoImmune's stipulation that OSIF is owed 30% of all revenue realized from the license between OncoImmune and Party X; and fourth, OncoImmune's agreement that any and all biological materials will be sold only by approved sublicensees. *Id.*

26. On August 16, 2017, OSIF filed suit against OncoImmune in the Franklin County Common Pleas Court in Columbus, Ohio. Said Complaint alleges that OncoImmune wrongfully converted certain L3D10 clone anti-CTLA-4 antibodies (characterized by OSIF as "Biological Materials"), which Biological Materials are part of the MAB Technology. In its claim for relief, OSIF requests, *inter alia*, that OncoImmune be enjoined to return the Biological Materials to OSIF, and to secure the return of the Biological Materials from any third parties to whom they have been transferred.

27. OncoImmune was served with the Summons and Complaint for the aforementioned suit on August 29, 2017

28. OSIF's claim of conversion constitutes an implicit allegation that OncoImmune, is infringing, or that OncoImmune is contributing to infringement of, the PATENT RIGHTS, as

well as that OncoImmune is acting in contravention to the License Agreement, including as amended.

## COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT

29. OncoImmune incorporates and realleges the preceding paragraphs as if set forth fully herein.

30. Contrary to OSIF's said assertions that OncoImmune is not authorized to sublicense the MAB Technology, OncoImmune's sublicense of the MAB Technology to third party BioLegend under the BioLegend License was at all relevant times within the scope of OncoImmune's license under the PATENT RIGHTS and, as such, OncoImmune is not contributing to infringement of the PATENT RIGHTS. To the extent that the PATENT RIGHTS have expired or been abandoned during the term of the License Agreement, they do not comprehend the MAB Technology licensed to third party BioLegend under the BioLegend License and, as such, the MAB Technology licensed to third party BioLegend does not infringe the PATENT RIGHTS.

31. Contrary to OSIF's said assertions that OncoImmune is not authorized to sublicense the MAB Technology, OncoImmune's sublicense of the MAB Technology to Party X under the X Agreement was at all relevant times within the scope of OncoImmune's license under the PATENT RIGHTS and, as such, OncoImmune is not contributing to infringement of the PATENT RIGHTS. To the extent that the PATENT RIGHTS have expired or been abandoned during the term of the License Agreement, they do not comprehend the MAB

Technology licensed to Party X under the X Agreement and, as such, the MAB Technology licensed to Party X does not infringe the PATENT RIGHTS.

32. OSIF's assertions impair, and threaten to imminently impair, both OncoImmune's exercise of its rights under the License Agreement, as well as its contractual relations with third parties BioLegend and Party X as sublicensees under the License Agreement. An actual and justiciable controversy therefore exists between OncoImmune and OSIF.

33. A judicial declaration of non-infringement is necessary and appropriate in order to resolve this controversy.

34. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202, OncoImmune is entitled to judgment from this Court that OncoImmune is not infringing any of the PATENT RIGHTS, as that term is defined by the License Agreement, including as amended.

## COUNT II: DECLARATORY JUDGMENT OF VALIDITY

35. OncoImmune incorporates and realleges the preceding paragraphs as if set forth fully herein.

36. OSIF asserts that the Fourth Amendment to the License Agreement is invalid for alleged fraud on the part of OncoImmune in inducing formation of that amendment.

37. Contrary to OSIF's assertions, OncoImmune did not fraudulently represent to OSIF that it could not pay OSIF past-due license fees or patent costs.

38. Contrary to OSIF's assertions, OSIF chose to enter into the Fourth Amendment and accept additional equity in OncoImmune rather than the alternative of OncoImmune exercising its right to terminate the License Agreement.

39. The Fourth Amendment to the License Agreement is valid and enforceable.

40. OSIF's assertions impair, and threaten to imminently impair, both OncoImmune's exercise of its rights under the License Agreement, as well as its contractual relations with BioLegend and Party X as sublicensees under the License Agreement. An actual and justiciable controversy therefore exists between OncoImmune and OSIF regarding the validity of the Fourth Amendment.

41. A judicial declaration of the License Agreement's validity is necessary and appropriate in order to resolve this controversy.

42. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202, OncoImmune is entitled to judgment from this Court that the Fourth Amendment to the License Agreement is valid and enforceable.

### COUNT III: DECLARATORY JUDGMENT OF LICENSE AGREEMENT SCOPE/NON-BREACH OF LICENSE AGREEMENT

43. OncoImmune incorporates and realleges the preceding paragraphs as if set forth fully herein.

44. OSIF asserts that the License Agreement, including as amended, does not permit OncoImmune to sublicense third party BioLegend under the MAB Technology, as set forth in the BioLegend License.

45. OSIF asserts that the License Agreement, including as amended, does not permit OncoImmune to sublicense Party X under the MAB Technology, as set forth in the X Agreement.

46. OSIF's assertions impair, and threaten to imminently impair, both OncoImmune's exercise of its rights under the License Agreement, as well as its contractual relations with third parties BioLegend and Party X as sublicensees under the License Agreement. An actual and justiciable controversy therefore exists between OncoImmune and OSIF regarding the scope of the License Agreement, including as amended.

47. A judicial declaration respecting the scope of the License Agreement, including as amended, and confirming that OncoImmune is not in breach thereof, is necessary and appropriate in order to resolve this controversy.

48. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202, OncoImmune is entitled to judgment from this Court that the License Agreement, including as amended, permits or, in the alternative, does not prohibit OncoImmune from sublicensing third parties BioLegend and Party X under the MAB Technology.

## COUNT IV: BREACH OF CONTRACT

49. OncoImmune incorporates and realleges the preceding paragraphs as if set forth fully herein.

50. [REDACTED/UNDER SEAL].

51. [REDACTED/UNDER SEAL].

52. By nature of its conduct as complained of herein, OSIF has breached the License Agreement. Without limitation, such conduct includes OSIF's efforts to undermine OncoImmune's sublicenses to Party X and BioLegend and otherwise attempt to revoke the rights conveyed to OncoImmune by the License Agreement.

53. OSIF's breach has proximately caused OncoImmune economic damages, including without limitation in the form of lost investment capital, license fees, and/or other income and lost value in future investment, in an amount to be established at trial but in no event less than ten and a half million dollars.

54. OncoImmune is entitled to an award of damages proximately caused by OSIF's conduct as complained-of herein.

## COUNT V: PERMANENT INJUNCTION

55. OncoImmune incorporates and realleges the preceding paragraphs as if set forth fully herein.

56. By nature of its claims to rights in the MAB Technology and breach of the License Agreement, OSIF evidences its intent to interfere with OncoImmune's contractual relationships with third parties, including Party X and BioLegend.

57. By nature of its claims to rights in the MAB Technology and breach of the License Agreement, OSIF also evidences its intent to interfere with OncoImmune's prospective business relationships with third parties.

58. As a result, OncoImmune will suffer harm in the form of lost business opportunities for which money damages are not adequate compensation.

59. OncoImmune will also suffer harm in the form of damage to its reputation.

60. OSIF should be enjoined from interfering with OncoImmune's contractual relationships with Party X and BioLegend, enjoined from interfering with OncoImmune's prospective business relationships with third-parties, and enjoined from interfering with

OncoImmune's efforts to sublicense and/or license any and all biological materials relating to the MAB technology.

PRAYER FOR RELIEF

WHEREFORE, OncoImmune respectfully requests that this Court enter judgment in its favor as follows:

A. Declaring that OncoImmune's sublicense of the MAB Technology to third parties BioLegend and Party X does not infringe the PATENT RIGHTS or otherwise breach the terms of the License Agreement, including as amended;

B. Declaring that the Fourth Amendment to the License Agreement is valid;

C. Finding OSIF liable for breach of the License Agreement;

D. Declaring that this case is exceptional pursuant to 35 U.S.C. § 285, and awarding OncoImmune its reasonable attorneys' fees and costs;

E. Awarding OncoImmune its costs, disbursements, and other expenses to the fullest extent permitted by law;

F. Preliminarily and permanently enjoining OSIF from further conduct inconsistent with the rights of OncoImmune as settled by this action and as set forth in OncoImmune's Fifth Count;

G. Awarding OncoImmune its actual damages resulting from OSIF's complained-of conduct; and

H. Awarding OncoImmune such other and further relief as the Court deems just and proper.

Dated: September 15, 2017

    Respectfully submitted,

    ONCOIMMUNE, INC.

    */s/ H. Jonathan Redway*
    DICKINSON WRIGHT PLLC
    H. Jonathan Redway, Esq. (M.D. Bar No. 29708)
    Joan Ellis, Esq.
    International Square
    1825 Eye St. N.W.
    Suite 900
    Washington, D.C. 20006
    Telephone: (202) 659-6946
    Fax: (844) 670-6009


    DICKINSON WRIGHT PLLC
    Christopher Mitchell, Esq.
    350 S. Main Street
    Ann Arbor, Michigan 48104
    Telephone: (734) 623-1906
    Fax: (734) 623-1625


    Attorneys for OncoImmune, Inc.

DC 64473-6 348977v1